UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BRADLEY A. SMITH | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:03-cv-623 |
| | ) | 3:99-cr-125 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Bradley A. Smith ("Smith"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Smith's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Smith "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States*

*v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Smith is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.    <u>Factual Background</u>

Smith, proceeding *pro se* with stand-by counsel, entered a conditional guilty plea to possession with intent to distribute marijuana, in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(D). Based upon two prior felony drug convictions, Smith was sentenced as a career offender to a term of imprisonment of 86 months, which was in the middle of the guideline sentence range of 77 to 96 months.

On direct appeal, appointed counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). In the brief, counsel raised the following issues requested by Smith:

> 1) whether the district court erred by denying Smith's motion to withdraw his plea; 2) whether the Controlled Substances Act, as applied to marijuana, is an illegal restraint of trade; 3) whether marijuana should be legal as the human body has a receptor system for it; 4) whether the classification of marijuana as a controlled substance is constitutionally irrational; and 5) whether Smith's first felony drug conviction should be counted against him.

*United States v. Smith*, 46 Fed.Appx. 247, 248 (6th Cir. August 23, 2002). The motion to withdraw was granted and the Sixth Circuit held that the issues raised lacked merit. *Id*. at 249-50. The Sixth Circuit further found that a review of the record revealed no other colorable issues for appeal, and affirmed the judgment of the district court. *Id*. at 250.

In support of his § 2255 motion to vacate sentence, Smith alleges the following: (1) he was denied the effective assistance of counsel at trial and on appeal; (2) he was denied his right to appeal; (3) the conviction was obtained by a plea of guilty that was unlawfully induced; (4) the government lacked jurisdiction to prosecute Smith; (5) the prohibition of marijuana is unreasonable and therefore unconstitutional; (6) the law against marijuana is a *per se* restraint of trade and therefore illegal; and (7) the prohibition of marijuana is a violation of the individual's "bodily integrity" and therefore unconstitutional. In a supplement to the § 2255 motion, Smith claims he is entitled to relief in light of the decisions of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).

III.   Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Smith must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

4

Smith proceeded *pro se* in this case, assisted by stand-by counsel Steven Shope. He was represented on appeal by appointed counsel T. Clifton Harviel, Jr.

Smith first alleges that he was denied fundamental fairness at sentencing, based upon Mr. Shope's ineffective assistance of counsel. According to Smith, he sent his motion to withdraw his guilty plea to Mr. Shope five weeks prior to sentencing, expecting Mr. Shope to review the motion, advise Smith of the fine points of the motion, and then file the motion. At that time, Smith claims he stopped preparing for sentencing and instead began preparing for trial, based upon the assumption that the motion to withdraw the guilty plea would be granted. Smith states he was unaware of the factors a court must consider in evaluating a motion to withdraw a guilty plea and that Mr. Shope failed to advise him of those factors.

On the morning of sentencing, Smith learned that Mr. Shope had not filed the motion to withdraw the guilty plea. Mr. Shope also advised Smith that the motion would probably be denied. Smith claims he was in shock, devastated mentally and physically, and not prepared for sentencing. Smith also states that he was not himself and, admittedly, behaved badly. Smith alleges that Mr. Shope's failure to review and file the motion to withdraw the guilty plea, and his failure to advise Smith of the factors involved in withdrawal of a guilty plea, resulted in a sentencing hearing that was fundamentally unfair. Smith also alleges that, had he not been "out-of-sorts," the government would have recommended 77 months, the lower end of his guideline range.

It is questionable whether Smith, since he represented himself, can even raise a claim of ineffective assistance of counsel against stand-by counsel. *See United States v. Smith*, 907 F.2d 42 (6th Cir. 1990). A defendant who has "knowingly and intelligently" waived his right to counsel "cannot complain about the quality of his own defense by arguing that it amounted to ineffective assistance of counsel." *Id*. at 45. Assuming he can, however, Smith has failed to demonstrate ineffective assistance of counsel on the part of Mr. Shope.

At the sentencing hearing on June 6, 2001, the court considered and rejected Smith's motion to withdraw his guilty plea, and further overruled his objection to the sentencing taking place on that date. During that discussion, Mr. Shope offered the following:

> MR. SHOPE: Your Honor, I think maybe at this point I should put in the record that he's made a statement to the effect that he told me to file this motion. All I received was a copy of the motion. No instructions, nothing. If he had instructed me to file it, I'd attempted to file it whether I believed in it or not. That's not occurred.

[Criminal Action No. 3:99-cr-125, Court File No. 94, Transcript of Sentencing Hearing, p. 18].

When Assistant United States Attorney David Jennings was asked whether the government had a recommendation as to Smith's sentence, Mr. Jennings responded: "Your Honor, I'm going to refrain from saying anything that anyone might find offensive. I'm going to leave it up to you." [*Id*. at 18-19]. Mr. Shope, on the other hand, responded as follows:

> Your Honor, I would just ask the Court to sentence him at the lower end of the guideline range. It's a rather lengthy sentence that he's facing anyway at his age. He's in the career criminal category is the reason that the sentence is where it is, with it being marijuana. I think with his age the minimum guidelines would be sufficient.

[*Id*. at 19]. Smith was then permitted to address the court and he unsuccessfully challenged the prior felony drug convictions which resulted in his classification as a career criminal, specifically the first felony conviction. [*Id*. at 19-22].

As noted, the court considered Smith's motion to withdraw his guilty plea, and thus Mr. Shope's alleged failure to file the motion did not prejudice Smith. The court has also determined that Smith's guilty plea was freely and voluntarily made, and there was no reason to expect the government to recommend the minimum sentence under the guidelines [*see* discussion under section *C., infra*]. Under the circumstances, Smith has failed to demonstrate ineffective assistance at sentencing.

Smith also alleges that appellate counsel, T. Clifton Harviel, Jr., rendered ineffective assistance of counsel. Smith alleges that Mr. Harviel filed a motion in the Sixth Circuit for an extension of time to file his brief and stated he needed additional time to review Smith's documents. The motion was granted, but, according to Smith, Mr. Harviel then filed an *Anders* brief before reviewing Smith's documents and thus had not fully reviewed the entire record.

In his conditional guilty plea, Smith reserved the following issues for appeal:

> The defendant expressly reserves the right to appeal to the Sixth Circuit Court of Appeals the following issues: (a) restraint of trade; (b) bodily integrity (receptor system); (c) constitutionality issues regarding the classification of marijuana as a controlled substance.

[Criminal Action No. 3:99-cr-125, Court File No. 69, Plea Agreement, p. 2, handwritten and initialed addition to ¶ 1(d)].

In the *Anders* brief, Mr. Harviel raised these three issues, as well as the district court's refusal to allow Smith to withdraw his guilty plea and the use of Smith's first felony conviction against him. In response to the *Anders* brief, Smith sought the appointment of new counsel, but did not raise any additional issues. *United States v. Smith*, 46 Fed.Appx. at 248. The Sixth Circuit fully considered these issues raised by Mr. Harviel in the *Anders* brief. Accordingly, Smith cannot demonstrate ineffective assistance on the part of Mr. Harviel.

Based upon the foregoing, Smith has failed to demonstrate ineffective assistance of counsel, at sentencing or on appeal, under the standard established by the Supreme Court in *Strickland*.

### B. Denial of Right to Appeal

Smith alleges that the Sixth Circuit denied his right to appeal by first granting counsel's motion for an extension of time to research the issues and then granting the *Anders* brief without seeing Smith's documents. As noted, the Sixth Circuit considered and rejected the issues raised in the *Anders* brief. That court then stated "We have reviewed the entire record and have discovered no other colorable issues for appeal." *United States v. Smith*, 46 Fed.Appx. at 250. This court lacks authority to overrule a decision by the Sixth Circuit. Accordingly, Smith's claim is without merit.

## C. Conviction Obtained by Unlawfully Induced Guilty Plea

Smith alleges that, at the time he pleaded guilty, he was on drugs supplied by the county jail. In accepting Smith's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. At the time, the court first verified Smith's signature on the plea agreement and the contents of the agreement, as well as Smith's waiver of counsel. [Criminal Action No. 3:99-cr-125, Court File No. 93, Transcript of Proceedings, pp. 18-20]. Smith and the court then specifically engaged in the following exchange:

> THE COURT: Thank you. Now, Mr. Smith, the Court has been informed that you wish to change your plea to a plea of guilty. Before accepting your guilty plea there are a number of questions I must ask you to ensure [sic] the Court that your plea will be a valid one. You understand that the court reporter here is recording my questions and your answers?
>
> MR. SMITH: Yes, sir.
>
> THE COURT: If you answer any of my questions falsely, they may be used against you in a later prosecution for perjury.
>
> MR. SMITH: Yes, sir.
>
> THE COURT: Are you known by any other names?
>
> MR. SMITH: No, sir.
>
> THE COURT: And how old are you?
>
> MR. SMITH: I am 51.
>
> THE COURT: How far did you go in school?
>
> MR. SMITH: I was a junior in college.

>THE COURT: Have you ever been treated for any mental illnesses?
>
>MR. SMITH: No, sir.
>
>THE COURT: Have you ever been treated for any addiction to narcotic drugs of any kind?
>
>MR. SMITH: No, sir.
>
>THE COURT: Have you taken any drugs and medicines, pills or alcoholic beverages of any kind in the last 24 hours?
>
>MR. SMITH: Sadly, no, sir.
>
>THE COURT: You understand what is happening here today?
>
>MR. SMITH: Yes, sir, I do, completely.
>
>THE COURT: Mr. Shope, as elbow counsel for Mr. Smith, do you consider him competent to enter a plea of guilty?
>
>MR. SHOPE: I do, Your Honor.

[*Id*. at 20-21]. The court then verified that Smith understood the elements of the offense that the government was required to prove beyond a reasonable doubt, the constitutional rights he was giving up by pleading guilty, and the minimum and maximum penalties he was facing. [*Id*. at 22-27]. Smith also admitted that he was pleading guilty because he was in fact guilty. [*Id*. at 25].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced or was otherwise involuntary where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the

defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). In addition, it is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). Accordingly, Smith cannot now allege that his guilty plea was involuntary because he was under the influence of drugs.

Smith also claims that promises made pursuant to the plea agreement were not fulfilled, and that the prosecution agreed to recommend the minimum sentence to the court but did not do so. In his written plea agreement, Smith acknowledged that the court could impose "any lawful term of imprisonment up to the statutory maximum." [Criminal Action No. 3:99-cr-125, Court File No. 69, Plea Agreement, p. 2, ¶ 1(a)]. Smith also acknowledged that "[t]he District Court will determine the appropriate sentence under the Sentencing Guidelines, and this determination will be based upon the entire scope of the defendant's criminal conduct, criminal history, and pursuant to other factors and guidelines set forth in the Sentencing Guidelines." [*Id.* at 3, ¶ 3]. Lastly, Smith acknowledged: "This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other

agreements, promises, undertakings, or understandings between the defendant and the United States. [*Id.* at 5, ¶ 10].

At the time he pleaded guilty, Smith answered "No, sir, they have not" to the following question: "Aside from the plea agreement, has any officer or agent of the government promised or suggested that you would receive a lighter sentence or other form of leniency, if you would plead guilty?" [*Id.*, Court File No. 93, pp. 23-24]. Smith also acknowledged his understanding that the government was not making any recommendation as to his sentence.

> THE COURT: .... Do you understand that the government has not made any agreement to recommend a particular sentence and that your sentence is to be determined by the Court in conformity with the sentencing guidelines. You understand?
>
> MR. SMITH: Yes, sir.

[*Id.* at 29]. Smith cannot now credibly contradict his statements in open court or otherwise challenge the voluntary nature of his guilty plea.

### D. Lack of Jurisdiction

Smith alleges that the prosecution failed to prove that marijuana is harmful, that without such a finding of harm marijuana should not be listed as a Schedule I drug, and thus the government lacked jurisdiction to prosecute him. Smith's claim lacks merit.

In *United States v. Burton*, 894 F.2d 188 (6th Cir. 1990), the Sixth Circuit considered and rejected a defendant's claim that marijuana should be reclassified out of the Schedule I

category. "[I]t has repeatedly been determined, and correctly so, that reclassification is clearly a task for the legislature and the attorney general and not a judicial one." *Id*. at 192 (citations omitted). Clearly the government had the authority to prosecute Smith and this court had subject matter jurisdiction of the case.

### E. Prohibition of Marijuana is Unreasonable

Smith claims that the prohibition of marijuana is unreasonable and therefore unconstitutional. This issue was raised and rejected on direct appeal.

> [C]ourts have held that the classification of marijuana as a controlled substance was a rational decision by Congress, and we will not disturb that decision; the judiciary may not sit as a super legislature to review legislative policy determinations which do not affect fundamental rights and which involve numerous and controversial medical, scientific, and social issues.

*United States v. Smith*, 46 Fed.Appx. at 250 (citations omitted). Smith cannot use a § 2255 proceeding to relitigate issues decided adversely to him on direct appeal. *See, e.g., DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

### F. Law Against Marijuana is Illegal Restraint of Trade

Smith claims the law against marijuana is a *per se* restraint of trade and therefore illegal. This issue was raised and rejected on direct appeal. "[T]he Controlled Substances Act, 21 U.S.C. §§ 841-904, as applied to marijuana, is not an illegal restraint of trade under the Sherman Anti-Trust Act. The federal government simply is not under the governance of

the Sherman Act." *United States v. Smith*, 46 Fed.Appx. at 249 (citations omitted).  As noted, Smith cannot use a § 2255 proceeding to relitigate an issue decided adversely to him on direct appeal.

### G. Prohibition of Marijuana is Violation of "Bodily Integrity"

Smith claims that the prohibition of marijuana is a violation of the individual's "bodily integrity" and thus is unconstitutional.  According to Smith, human DNA has a receptor for THC which results in marijuana being medically beneficial.  This issue was raised and rejected on direct appeal.  "[T]he court declines to consider whether marijuana should be legal because the human body allegedly has a receptor system for it.  Reclassification of a drug based on new scientific evidence is a matter for the legislature and the attorney general, not the judiciary." *United States v. Smith*, 46 Fed.Appx. at 249-50 (citations omitted).  Again, Smith cannot use a § 2255 proceeding to relitigate an issue decided adversely to him on direct appeal.

### H. Apprendi and Blakely

In a supplement to his § 2255 motion, Smith alleges his sentence should be vacated pursuant to the U.S. Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).  *Apprendi* does not apply retroactively to § 2255 motions. *See Goode v. United States*, 305 F.3d 378, 381 (6th Cir.

2002).  Likewise,  at this time, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as Smith's.  *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004).  "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted).  In addition, any claim pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), which applied the reasoning in *Blakely* to the federal sentencing guidelines.

In *Booker*, the Court noted that its holding should be applied "to all cases on direct review."  543 U.S. at 268.  The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final.  In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'"  *Id*.  The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005).

IV.     Conclusion

Smith is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Smith leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Smith having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                        s/ Leon Jordan
                                                        United States District Judge